```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                                  :
FARMAMEDICA, SA
                                  :

    v.                            :   Civil Action No. DKC 2006-0894

                                  :
ANA ELOISA ALFARO DE MARON
                                  :
```

**MEMORANDUM OPINION**

On October 23, 2006, defendant Ana Eloisa Alfaro de Maron filed a motion to dismiss for lack of personal jurisdiction. Part of the support for that motion is a declaration from Horacio Carballo. Plaintiff then undertook an effort to depose Mr. Carballo, but has been unable to serve him with a deposition notice. Several extensions of time have been granted to Plaintiff to enable it to attempt to locate the witness. Presently pending and ready for resolution is Plaintiff's motion to require the Defendant to produce the witness for deposition. Defendant opposes the motion, primarily because she denies any ability to control the witness' actions. Defendant has provided Plaintiff with the information she has concerning the witness' whereabouts.

It is, of course, Plaintiff's burden to establish that this court has personal jurisdiction over the defendant:

> When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Fed.R.Civ.P. 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d

> 390, 396 (4th Cir. 2003) *(citing Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993)). If the existence of jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). If the court chooses to rule without conducting an evidentiary hearing, relying solely on the basis of the complaint, affidavits and discovery materials, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Maryland*, 334 F.3d at 396. *See also Mylan Labs.*, 2 F.3d at 60; Combs, 886 F.2d at 676. In determining whether the plaintiff has proven a prima facie case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan*, 2 F.3d at 60; *Carefirst of Maryland*, 334 F.3d at 396.

*Screen v. Equifax Information Systems, LLC 303*, F.Supp.2d 685, 688 (D.Md. 2004). Plaintiff, thus, will have to come forward with evidence justifying the existence of personal jurisdiction over Defendant. In attempting to do so, however, it should not unfairly be faced with a declaration that cannot be tested because the declarant is unwilling to be deposed.

Accordingly, the Court will deny Plaintiff's motion to require the Defendant to produce the declarant. On the other hand, unless the witness appears for the deposition, the court will not consider his declaration in determining the pending motion to dismiss. A separate order will be entered.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
